# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION )<br>)<br>Plaintiff, )<br>)<br>LISA MCDANIEL, JASMINE )<br>MITCHEL, ASHLEIGH MILLS, )<br>SOMONE WIMBLEY, EBONY )<br>TOMPKINS, & SHEILA SMITH, )<br>)<br>Plaintiff-Intervenors, )<br>)<br>v. )<br>)<br>SIRDAH ENTERPRISES, INC. )<br>d/b/a TABOO 2 BAR & BISTRO, )<br>DURDEN BUSINESS DEVELOPMENT )<br>INC., KENNEITH DURDEN, AND )<br>ISMAIL SIRDAH, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO.<br>1:13-CV-03657-RWS-RGV |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter, the "EEOC" or the "Commission") against Defendant Sirdah Enterprises Inc. d/b/a Taboo 2 Bar & Bistro (hereinafter the "Defendant" or "Taboo 2") pursuant to Section 706(f)(a) and (3) of Title VII of the Civil Rights

1

Act of 1964, as amended 42 U.S.C. § 2000e et seq. (hereinafter referred to as "Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) to remedy the alleged wrongful employment practices identified in the Complaint and Amended Complaint filed in this action.

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

The Commission alleged in this civil action that the Defendant acted unlawfully by subjecting Sheila Smith, Somone Wimbley, Ashleigh Mills, Lisa McDaniel, Jasmine Mitchell and Ebony Tompkins to a hostile work environment based on sex and quid pro quo sexual harassment. The Commission further alleged that Defendant made working conditions so intolerable for the claimants that they were forced to resign from their positions, in violation of Title VII. In its Complaint, the Commission sought make-whole relief including, but not limited to, back pay, compensatory damages, punitive damages, injunctive, and other affirmative relief. The Court subsequently granted Plaintiff-Intervenors' motion to intervene into this civil action and their complaint was filed on April 1, 2014. On February 25, 2015 the Court granted the EEOC's and Plaintiffs' Motion to Amend Complaint. As a result, Durden Business Development, Inc., was added as a new

defendant by the EEOC. Ismail Sirdah, and Kenneith Durden were added as new Defendants by the Plaintiff-Intervenors alleging fraud.

The Defendants deny the allegations made by the Parties, and dispute and deny any liability to the Commission or to any other persons. All of the parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation and desire to formulate a plan to be embodied in this Consent Decree which will promote and effectuate the purposes of Title VII.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of Title VII.

Now, therefore, this Court, being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

### I. **NON-DISCRIMINATION PROVISION**

Defendant, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, is enjoined from discriminating against any individual on the basis of sex. Defendant agrees to comply with Title VII, and that all employment practices, including hiring,

termination, and promotion, and all other terms and conditions of employment shall and continue to be conducted in a manner that does not discriminate on the basis of sex.

## II.  NON-RETALIATION PROVISION

Defendant, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, is enjoined from retaliating against any person because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Consent Decree.

## III.  ANTI- SEXUAL HARASSMENT POLICY AND COMPLAINT PROCEDURES

Defendant shall institute and enforce an Anti-Sexual Harassment Policy and Complaint Procedures pursuant to the guidelines attached to this Consent Decree as "Attachment A." Within sixty (60) days of the entry of this Consent Decree, Defendant shall publish its Anti-Sexual Harassment Policy and Complaint Procedures in an employee handbook or other appropriate written format and distribute the handbook or other writing to all current employees. Defendant shall provide a copy of the document containing its Anti-Sexual Harassment Policy and Complaint Procedures to new employees upon hire. Within thirty (30) days of the

entry of this Consent Decree, Defendant shall post at prominent and accessible places in its facility a summary of its Anti-Sexual Harassment Policy and Complaint Procedures. The summary shall also indicate how employees can obtain a hardcopy of the complete Policy and Complaint Procedures.

## IV.   NOTICES TO BE POSTED

Defendant shall keep posted the notice required to be posted pursuant to Section 706 of Title VII, and, for at least three (3) years immediately following the entry of this Decree, shall also keep conspicuously posted a copy of the Notice attached to this Decree at its facility located at 6075 Roswell Road Northeast, Atlanta, Georgia 30328. Within forty-five (45) days from the entry of this decree, Defendant shall instruct its management and supervisory personnel regarding the full meaning of those notices and this Consent Decree. The posting required by this paragraph shall be conspicuously made on bulletin boards or locations selected so that each employee at the facility will observe at least one such posting when at the facility. Defendant shall certify the completion of the posting and instruction to the Commission within forty-five (45) days from the entry of this Consent Decree. All written certifications required by this Section shall be addressed to Robert Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama

Street, Suite 4R30, Atlanta, Georgia 30303.

Defendant shall not withhold the right of the Commission to enter upon Defendant's premises, with reasonable notice, to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Defendant shall ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified.

## V.     INSTRUCTION TO MANAGEMENT

Within forty-five (45) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its facility located at 6075 Roswell Road Northeast, Atlanta, Georgia 30328 have been instructed as to the terms of this Consent Decree, and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII. All written certifications required by this Section shall be addressed to the Regional Attorney at the EEOC's Atlanta District Office at the above-referenced address.

## VI.     REPORTING REQUIREMENT

For the duration of the term of this Decree, Defendant agrees that any

complaint arising at its facilities located at 6075 Roswell Road Northeast, Atlanta, Georgia 30328 and brought to the attention of management by any employee(s) against any other employee(s) or manager(s) alleging hostile work environment based on sex and/or quid pro quo sexual harassment shall be reported to the Commission. Every six (6) months for the duration of this Consent Decree, Defendant shall certify, in affidavit form, a summary report addressed to the Regional Attorney specifying whether an employee has complained of hostile work environment based on sex and/or quid pro quo sexual harassment. If an employee has so complained, then the summary report shall state in written affidavit form the following:

(a) The date of the complaint or report;

(b) The name of the person making the complaint or report;

(c) The name and title of the person against whom the complaint or report was made;

(d) The nature of the complaint or report;

(e) The name and title of the Defendant's official who learned of the complaint or report;

(f) What, if any, action was taken by Defendant in response to the complaint

or report (e.g. employee discipline); and

(g) A detailed narrative of how the complaint or report was resolved by Defendant. The report should be addressed to the Regional Attorney in the EEOC's Atlanta District Office at the above-referenced address.

### VII. **INTERVENOR-PLAINTIFFS' INDIVIDUAL RELIEF:**

In settlement of the claims in this case on behalf of all Defendants, including their respective officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with them, Defendant Sirdah Enterprises, Inc. will cause payments to be made to the Plaintiff- Intervenors in the total amount of $250,000, which sum shall be treated as a prepetition general unsecured claim to be included in the Sirdah Enterprises, Inc. chapter 11 bankruptcy case that is currently pending in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 15-55724-PWB. Within five (5) business days of their initial mailing, a copy of the check or other evidence of receipt of payment will be mailed to Robert Dawkins, Regional Attorney, in the EEOC Atlanta District Office, whose address is 100 Alabama Street, Suite 4R30, Atlanta Georgia 30303.

## VIII. **TRAINING**

Defendant shall, in an appropriate location, hold a live training session for all of its managers and supervisory personnel employed at its facilities located at 6075 Roswell Road Northeast, Atlanta, Georgia 30328, the cost of which is to be borne by Defendant. Said training session shall address the Defendant's and its employees' equal employment opportunity obligations pursuant to Title VII, including, but not limited to, Defendant's obligation not to retaliate against any employee in violation of the Title VII. The above referenced training shall be completed within sixty (60) days of the Court's entry of this Consent Decree. On or before that date, Defendant shall certify to the Regional Attorney that such training has been completed.

Defendant shall notify the EEOC at least five (5) days in advance regarding the date(s) and time(s) the training, contemplated by this Section VIII, will be accomplished. Defendant shall provide written certification to the EEOC of training completed pursuant to this Section within thirty (30) days following completion of training. The certification shall include the names and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training. If

written training materials are utilized, the Commission shall be supplied with a copy prior to the training.

### IX. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process. The Commission will notify Defendant in writing by certified mail to Deirdre Stevens-Johnson, if it has any reason to believe that any action or omission by Defendant is in violation of the Consent Decree. Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies. If upon receipt of Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process. Notwithstanding

any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Decree and which constitutes a dispute, as contemplated by Section IX, from being fully and completely processed in the manner described in Section IX, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## X. COMPLIANCE OFFICIAL

Deirdre Stevens-Johnson shall be responsible for compliance with this Consent Decree and shall also be responsible for coordinating and overseeing Defendant's compliance with this Consent Decree. Defendant shall retain the right to shift compliance responsibility of the Decree to another individual and shall notify the EEOC within ten (10) days.

## XI. TERMS OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of forty-eight (48) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby, have been received or offered prior to its expiration and provided further,

that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for forty-eight (48) calendar months from the date of entry of this Consent Decree unless the Court acts or the EEOC has, prior to the expiration of said forty-eight (48) month period, moved to enforce compliance with the Consent Decree. If this Court acts or the EEOC has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the forty-eight (48) month period have been resolved. Therefore, this Court shall retain jurisdiction over this action, as described above, and shall dismiss this cause with prejudice in accordance with Court procedures.

## XII. OTHER ACTIONS

The EEOC shall not commence or prosecute against Defendant any action or

other proceeding based upon any claims, demands, causes of action, obligations, damages, or liabilities that arise out of EEOC Charge Numbers 410-2009-00299, 410-2009-00133, 410-2009-00136, 410-2009-00137, 410-2009-00143, 410-2009-00187, 410-2009-00476 or this lawsuit. This Consent Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant in accordance with standard EEOC procedures, and to commence civil actions pursuant to Title VII on any such charge. Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act of 1963, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Americans with Disabilities Act of 1990, or the regulations promulgated pursuant thereto. Nothing herein shall preclude the EEOC from bringing an action to enforce the provisions of this Consent Decree.

## XIII. COSTS AND ATTORNEY FEES

The EEOC and Defendant shall each bear their own respective costs and attorney's fees for this action. The parties hereto and undersigned attorneys of record for the EEOC and Defendants in the above-styled action, hereby, consent to the entry of the foregoing.

**BY CONSENT:**

Counsel for Plaintiff:           /s/ *Robert K. Dawkins*
                                 Robert K. Dawkins, Esq.
                                 Regional Attorney
                                 Georgia Bar No. 076206
                                 EEOC - ATLANTA DISTRICT OFFICE
                                 100 Alabama Street, SW, Suite 4R30
                                 Atlanta, Georgia 30303


Trustee For Sirdah Enterprises, Inc.:    /s/ *Reginald A. Greene, Esq.*
                                         Reginald A. Green, Esq.
                                         ***with express permission**

APPROVED, DONE, and SIGNED this 20th day of January, 2016.

District Judge
U.S. District Court for the
Northern District of Georgia, Atlanta Division

Attachment A

**ANTI-SEXUAL HARRASSMENT POLICY AND COMPLAINT PROCEDURES**

Defendant will establish a written policy and procedures prohibiting sexual harassment. The policies and procedures will state that they have been promulgated at the direction of Defendant's highest level of management and are expressly endorsed by such management. The policies and procedures should be easily understood and should include at a minimum the following:

1. Clear definition of hostile work environment harassment based on sex and/or quid pro quo sexual harassment, with examples where appropriate.

2. Statements prohibiting hostile work environment harassment based on sex and/or quid pro quo sexual harassment.

3. A statement encouraging employees to report incidents of hostile work environment harassment based on sex and/or quid pro quo sexual harassment.

4. Convenient, confidential, and reliable mechanisms for reporting incidents of hostile work environment harassment based on sex and/or quid pro quo sexual harassment.

5. Designation of at least two employees at its facility as investigative officers to receive and investigate reports of hostile work environment harassment based on sex and/or quid pro quo sexual harassment.

6. A requirement that each investigative officer receive at least one (1) day of training on identifying and investigating hostile work environment harassment based on sex and/or quid pro quo sexual harassment.

7. Broad dissemination of the names, job titles, work hours and locations, telephone numbers, and e-mail addresses of the investigative officers.

8. Broad dissemination of a telephone number for reporting incidents of hostile work environment harassment based on sex and/or quid pro quo sexual harassment.

9. A statement that reports of hostile work environment harassment based on sex and/or quid pro quo sexual harassment can be made to any supervisory employee and to any member of defendant's management staff.

10. A statement that reports of hostile work environment harassment based on sex and/or quid pro quo sexual harassment can be made orally or in writing and can be made anonymously.

11. A requirement that any supervisory or managerial employee who observes or otherwise obtains information regarding hostile work environment harassment based on sex and/or quid pro quo sexual harassment report such information to the defendant's owner(s).

12. A requirement that when information from any source is received by a supervisory or managerial employee indicating that hostile work environment harassment based on sex and/or quid pro quo sexual harassment may have occurred, an investigation will be conducted.

13. A statement that all individuals contacted in the course of an investigation will be assured that no form of retaliation or reprisal against an individual who reported, provided information regarding, or was the alleged target of hostile work environment harassment based on sex and/or quid pro quo sexual harassment will be tolerated and that any such retaliation or reprisal will result in serious disciplinary action, including discharge.

14. Timetables for the commencement and completion of investigations of hostile work environment harassment based on sex and/or quid pro quo sexual harassment complaints.

15. A requirement that investigations be conducted in a discrete manner that does not embarrass or intimidate the alleged targeted individual or any other person contacted during the investigation.

16. A requirement that written findings of the results of each investigation be prepared.

17. A requirement that appropriate remedial action be taken upon conclusion of an investigation.

18. A requirement that the results of each investigation, including any remedial or disciplinary action proposed or taken, be formally communicated to the individual(s) reporting the hostile work environment based on sex and/or quid pro quo sexual harassment and to the target of the alleged harassment.

19. A requirement that all information related to a hostile work environment based on sex and/or quid pro quo sexual harassment investigation be retained in a designated file.

20. A requirement that any individual who engages in prohibited hostile work environment based on sex and/or quid pro quo sexual harassment, fails to cooperate in an investigation, or retaliates against a person who reports or complains about hostile work environment based on sex and/or quid pro quo sexual harassment or participates in a hostile work environment based on sex and/or quid pro quo sexual harassment investigation be appropriately disciplined and that a record of such discipline be placed permanently in the individual's personnel file.

21. A requirement that supervisors or managers who permit hostile work environment based on sex and/or quid pro quo sexual harassment to occur, fail to report the hostile work environment based on sex and/or quid pro quo sexual harassment or fail to implement measures to remedy the unlawful conduct be appropriately disciplined and that a record of such discipline be placed permanently in their personnel files.

# NOTICE

1.      This notice to all employees of Sirdah Enterprises, Inc., (hereinafter the "Company") is being posted as part of the remedy agreed to between the Company and the Equal Employment Opportunity Commission, EEOC, in a consent decree filed in the United States Federal District Court, Northern District of Georgia, Atlanta Division (Case No. 13-CV-03657-RWS-RGV).

2.      Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability, or age with respect to hiring, firing, compensation or other terms, conditions, or privileges of employment.

3.      The Company supports and will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability, age, or because they have exercised their rights under the law.

4.      The Company has taken and will continue such remedial action as is required by the consent order entered by the United States District Court.

This notice will remain posted for forty-eight (48) months, until December 2019.

**DO NOT REMOVE THIS NOTICE UNTIL**
December 2019